[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15298
Non-Argument Calendar
_____

Agency No. A091-986-410

JUAN BETANCOURT,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 17, 2013)

Before HULL, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Betancourt, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for cancellation of removal, as well as the BIA's order denying his motion to reconsider.  On appeal, Betancourt argues that the IJ violated his due process rights by considering and relying on news articles to conclude that he was a supplier and leader of a drug ring, and, on that basis, denying his cancellation of removal application as a matter of discretion.

We review *de novo* our own subject matter jurisdiction.  *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).  When an appellant fails to offer argument on an issue, that issue is abandoned.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

A petition for review must be filed with the court of appeals no later than 30 days after the BIA's final order of removal.  INA § 242(b)(1), 8 U.S.C. § 1252(b)(1).  The statutory time limit for filing a petition for review in an immigration proceeding is mandatory and jurisdictional and not subject to equitable tolling.  *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).  Similarly, a motion to reconsider filed with the BIA does not toll the review period.  *Stone v. INS*, 514 U.S. 386, 405-06, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995).

2

To timely petition for review of the BIA's July 24, 2012, order dismissing Betancourt's appeal, the petition had to be filed within 30 days of that date or by August 23, 2012.  INA § 242(b)(1), 8 U.S.C. § 1252(b)(1).  Consequently, Betancourt's October 16, 2012, petition for review with this Court is untimely as to the July 2012 order.  INA § 242(b)(1), 8 U.S.C. § 1252(b)(1); *Stone*, 514 U.S. at 405-06, 115 S.Ct. at 1549.  Accordingly, we dismiss Betancourt's petition for review as to the BIA's July 2012 order for lack of jurisdiction.

Betancourt's petition is timely as to the BIA's September 19, 2012, denial of his motion to reconsider.  However, because he failed to offer any argument about the denial of his motion to reconsider in his initial brief on appeal, he has abandoned any such argument.  *See Sepulveda,* 401 F.3d at 1228 n.2.  Accordingly, we deny the petition to the extent that it seeks review of the BIA's denial of Betancourt's motion to reconsider.

**PETITION DISMISSED IN PART, DENIED IN PART.**

3